IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY GREEN,** Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| *Plaintiff,* | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **WASTE MANAGEMENT, INC.** | § § § | **COLLECTIVE ACTION** |
| *Defendant.* | § § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Larry Green—on behalf of himself and all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members")—brings suit against Waste Management, Inc. ("WMI"), to recover compensation, liquidated damages, attorneys' fees, and costs under Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended.

## I.
## OVERVIEW

1.   This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.   Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of WMI who worked as waste disposal drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer facilities—throughout the United States.

3.   Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty hours per workweek.

4. During the relevant time period, WMI has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty hours each workweek on a routine and regular basis.

5. Specifically, WMI's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked off-the-clock)—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though Plaintiff and the Putative Class Members regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of the WMI's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, WMI has failed to properly calculate and compensate Plaintiff and the Putative Class Members for all of their overtime worked under the FLSA.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## PARTIES

10. Plaintiff Larry Green ("Green") was employed by WMI within the meaning of the FLSA, within this judicial district and within the relevant three-year period. Plaintiff Green did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The Putative Class Members are those current and former waste disposal drivers who were employed by WMI at any time from May 30, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Green worked and was paid.

12. Defendant Waste Management, Inc. ("WMI") is a Foreign for-profit company, licensed to and doing business in Texas, and may be served through its registered agent for services of process: **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over WMI because the cause of action arose within this district as a result of WMI's conduct within this district.

15. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, WMI maintains its corporate headquarters in Houston, Harris County, Texas, and Plaintiff Green worked for WMI at its Houston, Texas facility, all of which are located within this District and Division.

---

[1] The written consent of Larry Green is attached hereto as Exhibit "A."

17.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## VI.
## FACTS

18.     WMI touts itself as "North America's leading provider of integrated environmental solutions[ ]" providing waste collection services to its customers throughout the United States.[2]

19.     WMI currently operates in more than forty states and serves more than 21 million customers in the United States and Canada.

20.     To provide these services, WMI employed (and continues to employ) numerous waste disposal drivers—including Plaintiff Green and the individuals that make up the putative or potential class.

21.     While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

22.     Plaintiff and the Putative Class Members' primary job duties consisted of driving waste disposal trucks, hauling waste, recycling, and other refuse to various landfill or disposal sites throughout the United States.

23.     Plaintiff Green was employed by WMI as a waste disposal driver from approximately 2011 until November 2015 and was paid a day rate.

24.     Specifically, Plaintiff Green received $136.00 per day, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over 40 each workweek.

25.     WMI has a corporate policy and practice of automatically deducting 30 minutes a day for a meal-period break from the "on-the-clock" hours of its waste disposal drivers.

---

[2] https://www.wm.com/about/index.jsp.

26. WMI made this deduction despite its actual knowledge that Plaintiff and the Putative Class Members did not take a meal-period break, and instead continued driving their respective routes for WMI's benefit during the alleged meal breaks.

27. Plaintiff and the Putative Class Members were not allowed to report that they actually worked through lunch in order to receive the compensation to which they were entitled, which would have been overtime compensation when Plaintiff and the Putative Class Members worked more than forty hours in that week—which Plaintiff and the Putative Class Members did the majority of their workweeks.

28. As a result of WMI's policy and practice of automatically deducting a 30-minute meal-period break, Plaintiff and the Putative Class Members were not compensated for all hours worked in excess of forty in a workweek at the rates required by the FLSA.

29. Indeed, Plaintiff and the Putative Class Members' worked an additional 2.5 or more overtime hours a week for which they did not receive overtime compensation.

30. WMI has employed, and currently employs, other individuals throughout the United States who performed (and continue to perform) the same or similar job duties under the same pay provisions as Plaintiff.

31. WMI was aware of its obligation to pay overtime to Plaintiff and the Putative Class Members and failed to do so for all hours worked over forty each workweek.

32. WMI knew that Plaintiff and the Putative Class Members were not paid for their daily meal-period breaks—breaks that WMI knew Plaintiff and the Putative Class Members worked through—and WMI did not correct this illegal practice or offer any back pay.

33. Instead, WMI knowingly, willfully, and with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation for all hours worked over forty each week with respect to Plaintiff and the Putative Class Members.

34. Accordingly, WMI's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.   FLSA COVERAGE**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA Collective is defined as:

> **ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR WASTE MANAGEMENT, INC. IN THE UNITED STATES, AT ANY TIME FROM JUNE 5, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

37. At all times hereinafter mentioned, both enterprise and individual coverage under the FLSA, 29 U.S.C. § 207(a), exists over the claims of Plaintiff and the Putative Class Members against WMI.

38. WMI qualifies as an "enterprise engaged in commerce or in the production of goods for commerce" under 29 U.S.C. § 203(s)(1) because it has employees handling, selling, or otherwise working on materials that have been moved in or produced for commerce. For example, as non-exempt waste disposal drivers for WMI, Plaintiff and the Putative Class Members worked (and continue to work) with motor vehicles and their component parts, fuel them with gasoline, and use radios, paper, office supplies and other materials that have been moved in commerce. WMI has had revenues exceeding $500,000 per year at all relevant times.

39. Specifically, WMI operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

40. Plaintiff and the Putative Class Members qualify as employees engaged in commerce under the FLSA, 29 U.S.C. § 207(a). Plaintiff and the Putative Class Members engage in regular contact with commerce, and their work as waste disposal drivers is directly and vitally related to the functioning of instrumentalities and facilities of commerce—including without limitation commercial and industrial businesses—such that their work constitutes a part of commerce. Thus, during the respective periods of Plaintiff and the Putative Class Members' employment by WMI, these individuals provided services for WMI that involved interstate commerce.

41. In sum, by performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

42. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 36.

43. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of WMI.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. WMI violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such non-exempt employees for all the hours they worked in excess of 40 hours per week at rates at least one and one-half times the regular rates for which they were employed.

46. Moreover, WMI knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

47. WMI knew or should have known its pay practices were in violation of the FLSA.

48. WMI is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

49. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted WMI to pay them according to the law.

50. The decision and practice by WMI to not pay Plaintiff and the Putative Class Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

51. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid overtime wages for all hours worked in excess of 40 hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.   **COLLECTIVE ACTION ALLEGATIONS**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of WMI's respective current and/or former employees who are (or were) similarly situated to Plaintiff with regard to the work they have performed and the manner in which they have been deprived the proper amount of overtime compensation.

54. Other similarly situated employees of WMI have been victimized by WMI's patterns, practices, and policies—which are in willful violation of the FLSA.

55. The FLSA Collective Members are defined in Paragraph 36.

56. WMI's failure to pay its employees—Plaintiff and Putative Class Members—overtime wages for all of their overtime hours worked results from generally applicable policies and practices of WMI, and does not depend on the personal circumstances of the Plaintiff and Putative Class Members.

57. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

58. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

59. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated under the FLSA for all hours worked in excess of forty (40) hours per workweek.

60. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

61. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and WMI will retain the proceeds of its violations.

62. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

63. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 36 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

64. Plaintiff respectfully prays for judgment against WMI as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 36 and requiring WMI to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding WMI liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

    d. For an Order awarding Plaintiff and the Putative Class Members the costs of this action;

    e. For an Order awarding Plaintiff and the Putative Class Members attorneys' fees;

    f. For an Order awarding Plaintiff and the Putative Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Green a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of WMI; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 5, 2018        Respectfully submitted,

              **ANDERSON ALEXANDER, PLLC**

          By:    */s/ Clif Alexander*
              **Clif Alexander**
              Federal I.D. No. 1138436
              Texas Bar No. 24064805
              clif@a2xlaw.com
              **Austin W. Anderson**
              Federal I.D. No. 777114
              Texas Bar No. 24045189
              austin@a2xlaw.com
              **Lauren E. Braddy**
              Federal I.D. No. 1122168
              Texas Bar No. 24071993
              lauren@a2xlaw.com
              **Alan Clifton Gordon**
              Federal I.D. No. 19259
              Texas Bar No. 00793838
              cgordon@a2xlaw.com
              **Carter T. Hastings**
              Federal I.D. No. 3101064
              Texas Bar No. 24101879
              carter@a2xlaw.com
              **George Schimmel**
              Federal I.D. No. 2338068
              Texas Bar No. 24033039
              geordie@a2xlaw.com
              819 N. Upper Broadway
              Corpus Christi, Texas 78401
              Telephone: (361) 452-1279
              Facsimile: (361) 452-1284

              ***Attorneys in Charge for Plaintiff and the Putative Class Members***