United States District Court
Southern District of Texas

**ENTERED**
November 16, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LARRY GREEN, *et al.*,<br>Individually and on behalf<br>of all others similarly situated, | § § § Civil Action No. 4:18-cv-01841 |
| *Plaintiffs,* | § § **JURY TRIAL DEMANDED** § |
| v. | § **COLLECTIVE ACTION** § **PURSUANT TO 29 U.S.C. § 216(b)** |
| WASTE MANAGEMENT, INC. | § § **CLASS ACTION PURSUANT TO** |
| *Defendant.* | § **FED. R. CIV. P. 23** |

## ORDER GRANTING NOTICE

The Court ORDERS as follows:

1.      The parties agree that Plaintiffs' counsel may hire the class action administration company, ILYM Group, Inc., to oversee the mailing of the approved Notice of Collective Action Lawsuit (the "Notice") and Consent to Join Wage Claim Against Waste Management (the "Consent Form"), and that Defense counsel may communicate with ILYM Group, Inc. *See* Exhibit A, Notice of Collective Action Lawsuit and Consent to Join Wage Claim Against Waste Management.

2.      ILYM Group, Inc. shall enter into an agreement substantially in the form of the Claims Administration Servicing Agreement submitted with the Joint Motion for Approval of Notice and Consent Forms. *See* Exhibit C, Claims Administration Servicing Agreement.

3.      Within **fifteen (15) business days** of the Court's order granting notice, Plaintiffs' counsel shall instruct ILYM Group, Inc. to send via regular U.S. mail and e-mail the Notice and Consent Form to all individuals contained within the Waste Disposal Driver putative class contact lists that Defendant tendered to Plaintiffs' counsel on October 22, 2018 and November 13, 2018.

4.      The e-mail Notice shall have the Notice in the body of the e-mail and a PDF version of the Notice and Consent Form attached. Further, the e-mail Notice shall have the following

language on the subject line: Notice to Waste Disposal Drivers of Overtime Lawsuit Against Waste Management, Inc.

5.      ILYM Group, Inc. shall not contact putative class members via any other method of communication other than those prescribed in Paragraphs 3 and 6.

6.      ILYM Group, Inc. may send a postcard reminder via regular U.S. mail to all putative class members who have not opted into the class within thirty (30) days of first sending out the Notice. *See* Exhibit B, Reminder Postcard.

7.      The putative class members shall have sixty (60) days from the initial date of the mailing or e-mail delivery of the Notice to file their Consent Forms opting into this lawsuit as plaintiffs. Only plaintiffs who opt in by the deadline shall be allowed to join this lawsuit.

Signed on **November 15**, 2018

_____

Chief Judge Lee H. Rosenthal

# Exhibit A

THIS IS A COURT-APPROVED NOTICE
***THIS IS NOT AN ADVERTISEMENT FROM A LAWYER***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY GREEN, *et al.*,<br>Individually and on behalf<br>of all others similarly situated, | §<br>§<br>§<br>§ | Civil Action No. 4:18-cv-01841 |
| *Plaintiffs*, | §<br>§ | JURY TRIAL DEMANDED |
| v. | §<br>§ | COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |
| WASTE MANAGEMENT, INC. | §<br>§ | |
| *Defendant.* | §<br>§ | CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23 |

## NOTICE OF COLLECTIVE ACTION LAWSUIT

TO:      All Waste Disposal Drivers Who Worked for Waste Management, including any subsidiary of Waste Management, in Texas, and drove sanitation trucks to landfills and other sites and back at any time from _____[1] to the present, and were subject to automatic deductions of their meal break times.

RE:      Overtime Lawsuit Against Waste Management

**DEADLINE TO FILE CONSENT FORM:** _____[2], 201\_\_

| |
|---|
| **1.   Why Are You Getting This Notice?** |

You received this Notice because the Court in charge of this lawsuit has ordered this Notice be sent to persons who are identified by Waste Management's records as a current or former Waste Disposal Driver who worked for Waste Management, including any direct or indirect subsidiary of Waste Management, in Texas, and drove sanitation trucks to landfills and other sites and back and who were automatically deducted 30 minutes each work day for a meal break in the past three years.

The Court has conditionally allowed or "certified" a collective action lawsuit that may affect you. This notice is intended to advise you of how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit and describe how to participate in this suit, if you want to.

---

[1] This date will be 3 years from the date the Notice is mailed.

[2] This date will be 60 days after the Notice is mailed.

| 2. | What Is This Lawsuit About? |
|----|------------------------------|

Larry Green ("Plaintiff" or "Green") filed this lawsuit alleging that Waste Management automatically deducted 30 minutes from each day worked for a meal break even though Plaintiff and other current and former Waste Disposal Drivers worked during these 30 minutes but were not paid for this time.

In addition to alleged unpaid overtime, Plaintiff Green is seeking liquidated (double) damages equal to his alleged unpaid overtime, attorneys' fees, and costs.

Waste Management denies Plaintiffs' allegations and contends that Plaintiff Green and other current and former Waste Disposal Drivers have been and continue to be properly paid under the FLSA because the Drivers were automatically paid for work performed during meal breaks when they confirmed through the timekeeping system (Kronos) that no meal break was taken as required by company policy and practice. Additionally, any Drivers who crossed state lines on their routes are not eligible for overtime payments.

The Court has not decided who is right but has authorized this Notice to inform you of your right to join this lawsuit.

| 3. | Are You Eligible to Join This Lawsuit? |
|----|-----------------------------------------|

You are eligible to join this lawsuit if:

1. You worked for Waste Management, including any subsidiary of Waste Management, in Texas at any time from X date to the present as a Waste Disposal Driver and drove sanitation trucks to landfills and other sites and back; AND

2. You were automatically deducted 30 minutes each work day for a meal break and you worked through your meal period.

| 4. | What are Your Options? |
|----|-------------------------|

If you meet the criteria for this lawsuit, you have a choice to assert your legal rights in this case if you desire to do so. However, you are not required to do so and may choose to take no action without consequence to you.

If you want to become a party to this case, you must read, sign, and return the attached Consent to Join Wage Claim form by _____[3], 201__.

You may return your consent form by filling out the attached Consent form, mailing it to an administrator, the ILYM Group, Inc., in the enclosed self-addressed stamped envelope, faxing it to 888-845-6185, or emailing it to _____.

---

[3] This date will be 60 days after the Notice is mailed.

| 5. | Effect of Joining or Not Joining the Lawsuit. |
|---|---|

If you submit and file a timely Consent to Join Wage Claim form, you will be a party to the case unless the Court determines this case cannot proceed as a collective action. Therefore, if the Plaintiffs who filed this case win or settle the case, you may receive additional money from Waste Management. There is no guarantee that you will receive money from Waste Management as a result of this lawsuit.

If the Plaintiffs who filed this case lose the case, you will receive nothing and will be bound by the decision, but you will not have to pay anything either.

If you decide to join the lawsuit, you may be required to answer written questions under oath, produce documents relating to your claims, testify at an oral deposition under oath, and/or testify at trial in Houston, Texas with regard to your claims against Waste Management.

If you do not wish to be a part of the lawsuit, you do not need to do anything. If you choose not to join the lawsuit, you will not be bound by any ruling, judgment, or settlement entered in this case, favorable or unfavorable. The decision to join is entirely yours.

If you timely complete and file the enclosed consent form, you will be designating the Named Plaintiff(s) to represent your interests and you agree to be bound by the terms of any settlement agreement reached between the Named Plaintiff(s) and Waste Management and the attorneys representing the respective parties in this case.

Because the FLSA only allows workers to recover up to the past 3 years of back wages, eligible workers who do not join this litigation may lose their rights to recover overtime for work performed in the past for Waste Management.

| 6. | You Cannot and Will Not Be Fired for Joining This Lawsuit. |
|---|---|

Federal law prohibits Waste Management, including any direct or indirect subsidiary of Waste Management, from firing or in any other manner discriminating against you because you join this case.

Nobody who joins this case will be terminated or otherwise retaliated against for joining this lawsuit. If you suspect any retaliation, you should contact the attorneys below immediately at (361) 452-1279 and ask to speak with Clif Alexander or Austin Anderson.

| 7. | Your Legal Representation If You Join. |
|---|---|

If you choose to join this suit by completing and submitting the enclosed Consent Form you will be represented by the law firm ANDERSON ALEXANDER, PLLC. If you have any questions about the

collective action, your rights or the claims being made in this lawsuit, you may contact the Plaintiffs' attorneys directly at:

**ANDERSON ALEXANDER, PLLC**
**819 N. Upper Broadway**
**Corpus Christi, Texas 78401**
**Telephone: (361) 452-1279**
**Fax: (361) 452-1284**
team@a2xlaw.com

You should not contact the Court to discuss this matter.

| 8. You Have Sixty (60) Days to Join this Lawsuit. |
| --- |

Your determination of whether or not to take action should be made promptly. Because the law only allows a person to recover up to three (3) years of back wages from the date the Consent to Join Wage Claim form is filed, time is of the essence in submitting this form if you wish to have the opportunity to make a full recovery.

All Consents must be filed no later than _____, 201__, which is sixty (60) days after this Notice was mailed to you. A Consent form is enclosed with a self-addressed stamped envelope.

## CONSENT TO JOIN WAGE CLAIM AGAINST WASTE MANAGEMENT

Name: _____

1. I consent, agree, and opt-in to the lawsuit filed against Waste Management, Inc. titled *Green, et al. v. Waste Management, Inc.* 4:18-cv-01841 (S.D. Tex.) ("the Lawsuit"), to pursue my claims of unpaid overtime under the Fair Labor Standards Act ("FLSA") against Waste Management.

2. I understand that the Lawsuit is brought under the FLSA, and I consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC, as my attorneys to prosecute my wage claims in the Lawsuit.

4. I consent to having the Representative Plaintiff in the complaint against Waste Management, make all decisions regarding the litigation, the method and manner of conducting this litigation, the terms of any potential settlement of this litigation, releasing of claims, entering into an agreement with Plaintiff's Counsel regarding attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature: _____        Date: _____

**Please print or type the following information which will be kept confidential:**

_____                    _____
Mailing Address                                                City/State/Zip

_____                    _____
Home Telephone Number                                  Cell Phone Number

_____                    _____
E-Mail Address                                              Estimated Dates of Employment

_____
Locations/Facilities Worked for Waste Management

## RETURN THIS FORM BY MAIL, E-MAIL OR FAX TO:

**ILYM GROUP, INC.**
**14771 PLAZA DRIVE, UNIT L**
**TUSTIN, CA 92780**
**F: 888-845-6185**
**E: [E-MAIL ADDRESS]**

# Exhibit B

## IMPORTANT REMINDER REGARDING
## WASTE MANAGEMENT OVERTIME LAWSUIT

A Notice of Collective Action Lawsuit and Consent Form were recently mailed and emailed to you in regard to the *Green v. Waste Management, Inc.* lawsuit alleging overtime violations of the Fair Labor Standards Act ("FLSA").

If you want to participate in this overtime lawsuit, you must complete, sign, and mail, fax or email the Consent Form so that it is received by [third party administrator] (at the address below) on or before _____, 2019.

**ILYM GROUP, INC.**
**14771 PLAZA DRIVE, UNIT L**
**TUSTIN, CA 92780**
**F: 888-845-6185**
**E: [E-MAIL ADDRESS]**

If you desire another copy of the Notice of Collective Action Lawsuit and Consent Form, please contact the attorneys at **361-452-1279** or at <u>team@a2xlaw.com</u>.

# Exhibit C

## CLAIMS ADMINISTRATION CONFIDENTIALITY AND SERVICES AGREEMENT

This Claims Administration Services Agreement ("Agreement") is entered into by ILYM Group, Inc. ("ILYM"), on the one hand, and Anderson Alexander, PLLC, Counsel for the Plaintiffs, on the other hand, with respect to the following facts:

A.      Waste Management, Inc. ("WMI") is a defendant to a lawsuit entitled *Larry Green, et al. v. Waste Management, Inc.*, currently pending before the United States District Court for the Southern District of Texas, Case No. 18-CV-01841 (the "Lawsuit" or "Action"), which was brought by Named Plaintiffs Larry Green, Andrew Gutierrez, Richard Reyes, Erwin Reummele, Reed Rogne, Charles Nevius, and James Ivey (the "Named Plaintiffs").

B.      The Court granted conditional certification to the Named Plaintiffs' FLSA claims in the Court's September 21, 2018 Order, attached hereto as **Exhibit A**.  In that Order, the Court granted limited conditional certification to only Waste Disposal Drivers within the state of Texas who drove sanitation trucks to landfills or other sites and were subject to an auto-deduct policy for meal breaks.  The Court also approved the Parties' Joint Motion and Stipulation Approving the Notice Plan, attached hereto as **Exhibit B**.  In connection with the conditional certification of Plaintiffs' claims, as directed by the Court's September 21, 2018 Order, WMI and Counsel for the Named Plaintiffs have engaged ILYM (the "Claims Administrator") to administer the Notice and Opt-In procedure.  As part of the Notice and Opt-In procedure, Waste Disposal Drivers who meet the limitations set forth in the Court's September 21, 2018 Order ("Collective Action Group Members") are to receive the Notice and Opt-In Forms as stated in the Court's Order Approving the Notice Plan.

C.      As part of the September 21, 2018 Order, the Court required WMI to provide Counsel for the Named Plaintiffs a list of the Collective Action Group Members, their last known addresses, and email addresses for purposes of effectuating Notice to the putative collective, all of which was marked confidential. Therefore, the confidential information provided to ILYM must still remain confidential despite its disclosure to Counsel for the Named Plaintiffs.

NOW, THEREFORE, the undersigned agree as follows:

1.      Definitions.  Terms used in this Agreement but not defined in this Agreement shall have the meanings given to them in the Joint Motion for Approval of the Notice Plan and Order Approving the Notice Plan as attached in Exhibit B.

2.      Permitted Use of Complete Collective Action Group Member List.  Within seven calendar days following the Court's entry of the Order Approving the Notice Plan, Counsel for the Named Plaintiffs shall provide ILYM with a complete list of Collective Action Group Members with each members' corresponding personally identifiable information, agreed to by the parties to the Lawsuit, to include each Collective Action Group Members' full name, last known mailing addresses, and email addresses. ILYM shall keep the complete Collective Action Group Member List confidential between it, WMI, and Counsel for the Named Plaintiffs and shall not provide them to any other parties, including Collective Action Group Members or the

Named Plaintiffs. The Collective Action Group Member List will be accessible to employees of WMI on a need-to-know basis only, and the strictest security measures available shall be taken to protect such confidentiality, including access through confidential password only, and locked file cabinet storage of hard copies of any such information. However, in accordance with the terms of this Agreement executed between ILYM and Counsel for the Named Plaintiffs, and with the authorization from WMI, ILYM may provide information contained in the Collective Action Group Member List to vendors, on a confidential basis, as necessary to facilitate the claims administration process. Prior to releasing any information in the Collective Action Group Member List to a vendor for purposes of facilitating claims administration, WMI shall obtain such vendor's written consent to confidentiality restrictions and obligations equal or greater to those described in this Agreement.

3.      Permitted Use of Confidential Information.  The Collective Action Group Member List and any other information conveyed by WMI or Counsel for the Named Plaintiffs to ILYM in conjunction with this Lawsuit is confidential information ("Confidential Information").  This Confidential Information is provided to ILYM solely to aid ILYM in its execution of its duties as the third-party claims administrator for the notice and opt-in procedure of the claims in this Lawsuit. ILYM agrees to use the Confidential Information solely for the purposes of performing its duties as a third-party Claims Administrator as outlined in the Court's Approval Order attached as Exhibit B. Otherwise, ILYM agrees to maintain in the strictest of confidence all Confidential Information and not to disclose this information in any manner whatsoever, in whole or in part, except as specifically provided herein. ILYM understands and agrees expressly that the Confidential Information must not be disclosed or released Collective Action Group Members or the Named Plaintiffs, under any circumstance, without express written consent of counsel for WMI and Counsel for the Named Plaintiffs.

4.      Duty to Preserve Confidential Information.  All Confidential Information provided to ILYM from WMI (or counsel for WMI on its behalf) is and will remain exclusive property of WMI. ILYM agrees to preserve electronic and hard copies of the Confidential Information for a period of five (5) years after ILYM's termination of duties as the third-party Claims Administrator. ILYM agrees that before it destroys or otherwise disposes of the Confidential Information, it will give Counsel for the Named Plaintiffs, WMI, and its counsel reasonable notice before that event takes place.

5.      Instructions for Claims Administration.  Administration of the Notice and Opt-In procedure for the claims in this Lawsuit will proceed in accordance with the Court's September 21, 2018 Order Conditionally Certifying the Action and Order Approving the Notice Plan, both attached as Exhibits A and B.  ILYM agrees to take responsibility for the following tasks, including but not limited to:

   a. Preparing, printing and mailing/e-mailing the Notice and Opt-in Form to Collective Action Group Members;

   b. Informing counsel for the Parties of the "Notice Period Commencement Date," as defined in the Order Approving the Notice Plan;

   c. Informing counsel for the Parties of any Notices that are returned as undeliverable by U.S. Mail or that "bounce back" after being sent by email (a "Delivery Failure");

2

d. Running a trace for any Collective Action Group Member for whom ILYM receives notification by U.S. Mail that the Notice is undeliverable or notification of "Delivery Failure";

e. Preparing, printing, and mailing a reminder notice to all Collective Action Group Members after thirty days of the Notice Period has passed, advising of (a) the impending conclusion of the Notice Period; and (2) how to obtain a duplicate Notice if desired;

f. Receiving and reviewing the Consent Forms submitted by Collective Action Group Members and providing copies of such to counsel for the Parties; and

g. For such other tasks as the Parties mutually agree or the Court orders the Claims Administrator to perform.

6.      Standard of Performance.  Provided that ILYM is not restricted by applicable law or contractual obligations, it shall use commercially reasonable efforts to provide the services required in this Agreement.

7.      Cooperation; Information.  WMI, Counsel for the Named Plaintiffs, and ILYM agree to cooperate as reasonably requested by the other in connection with ILYM's performance of services.

8.      Consideration.  Counsel for the Named Plaintiffs shall pay Claims Administrator for the services provided hereunder:

a. Costs and Expenses.  ILYM shall pay for any fees, costs, or other out-of-pocket expenses it incurs in performing the services hereunder, including with respect to mailings, which shall thereafter be reimbursed by Counsel for the Named Plaintiffs.

b. Records.  ILYM shall keep reasonable and accurate records pertaining to the services performed hereunder.

9.      Term.  This Agreement is effective as of the date executed by ILYM and Counsel for the Named Plaintiffs and, unless earlier terminated pursuant to the terms hereof, shall continue in effect with respect to the services required under the Order Conditionally Certifying the Collective and Approving the Notice Plan, until such services are deemed satisfied and complete in Counsel for the Named Plaintiffs' sole discretion.

10.     Liability.  Counsel for the Named Plaintiffs and WMI, its affiliates, subsidiaries, and its representatives shall incur no liability whatsoever, whether in negligence, breach of contract or otherwise, for any damages suffered or incurred by ILYM, the Named Plaintiffs, Collective Action Group Members arising out of or in connection with the rendering of services hereunder by ILYM or any failure to provide such services.

3

11.     Indemnity.  ILYM indemnifies each of Counsel for the Named Plaintiffs and WMI, its affiliates, subsidiaries, and its representatives (together with their respective successors and permitted assigns) (collectively referred to hereafter as "Indemnitees") against, and agrees to defend and hold them harmless from, any and all assessments, loses, damages, costs, expenses, liabilities, judgments, awards, fines, sanctions, and penalties, including reasonable costs, fees, and expenses of attorneys, accounts, and other agents or representatives of any of them (collectively "Damages") suffered by any of them arising out of, resulting from or related to the rendering of any services or any failure to provide a service to be performed by the Claims Administrator under the Order Conditionally Certifying the Collective Action, Order Approving the Notice Plan, and this Agreement.  ILYM is required to defend the Indemnitees pursuant to this paragraph, and to select counsel satisfactory to Indemnitees, which approval shall not be unreasonably withheld.  Indemnitees shall control all aspects of such defense and may, at any time, elect to settle or otherwise compromise the claims in such litigation on such terms as Indemnitees deem appropriate.

12.     Subpoenas and Legal Process.  In the event ILYM is requested or becomes legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, criminal or civil investigative demand, or similar process) to disclose any of the Confidential Information, ILYM agrees to provide WMI and Counsel for the Named Plaintiffs with prompt written notice within five (5) business days thereof so WMI and/or Counsel for the Named Plaintiffs may seek a protective order or other appropriate remedy.

13.     Severability.  Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted.  However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable term.

14.     Applicable Law.  The validity, interpretation and performance of this Agreement shall be construed and interpreted according to the laws of the State of Texas without reference to its choice of law provisions.

15.     Entire Agreement; Modification.  This Agreement contains the entire agreement between Counsel for the Named Plaintiffs and ILYM, to which WMI is also a beneficiary, with respect to the subject matter hereof and expressly, incorporates the exhibits to this Agreement.  It is agreed that there are no collateral agreements or representations, written or oral that are not contained in this Agreement.  This Agreement may be amended only by a written instrument executed by all parties hereto.

4

       The parties to this Agreement have read the foregoing Agreement and fully understand and agree to each and every provision, and have thus executed this Agreement on the date shown below.

Dated: _____     _____
                                          ILYM Group, Inc.

                                          Title:_____

Dated: _____     _____
                                          Clif Alexander / Austin W. Anderson
                                          ANDERSON ALEXANDER, PLLC
                                          Attorneys for the Named Plaintiffs

# Exhibit D