# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **LARRY GREEN,** *et al.*,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**WASTE MANAGEMENT OF TEXAS, INC.**<br><br>*Defendant.* | Civil Action No. 4:18-cv-01841<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## SECOND AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff Larry Green, on behalf of himself and all opt-in Plaintiffs, (collectively "Plaintiffs") to recover compensation, liquidated damages, attorneys' fees, and costs under Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201–19. Plaintiffs' FLSA claims are asserted as a collective action under 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.  This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2.  Plaintiffs are those persons who are current and former non-exempt employees of Waste Management of Texas, Inc. ("Waste Management") who have worked as Waste Disposal Drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer facilities—throughout the state of Texas and have opted-in to this lawsuit.

3. Plaintiffs routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4. During the relevant time period, Waste Management has knowingly and deliberately failed to compensate Plaintiffs for all hours worked in excess of forty each week on a routine and regular basis.

5. Specifically, Waste Management's regular practice—including during weeks when Plaintiffs worked in excess of 40 hours (not counting hours worked off-the-clock)—was (and is) to automatically deduct a 30-minute meal-period from Plaintiffs' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of Waste Management's practice was (and is) that all time worked by Plaintiffs and the Putative Class Members was not (and is not) counted and paid; thus, Waste Management has failed to properly calculate and compensate Plaintiffs for all of their hours worked and overtime under the FLSA.

7. Plaintiffs did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiffs seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## II.
## PARTIES

9. Plaintiff Larry Green ("Green") was employed by Waste Management in Texas during the relevant time period. Plaintiff Green did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Larry Green is on file with the Court.

10. The FLSA Collective Members are those current and former waste disposal drivers who were employed by Waste Management at any time from June 5, 2015 through the final disposition of this matter, and who have opted-in to this litigation as Party Plaintiffs.

11. Defendant Waste Management of Texas, Inc. ("Waste Management") is a foreign for-profit company, licensed to and doing business in Texas, with its corporate headquarters located in Houston, Harris County, Texas. Waste Management has been served and previously appeared herein.

## III.
## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

13. This Court has personal jurisdiction over Waste Management because the cause of action arose within this district as a result of Waste Management's conduct within this district.

14. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Waste Management maintains its corporate headquarters in Houston, Texas, which is within this District and Division.

16. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FACTS

17. Waste Management provides waste disposal services to businesses and residences across the state of Texas.

18. To provide these services, Waste Management employed (and continues to employ) numerous Waste Disposal Drivers.

19. While exact job titles may differ, Waste Management's waste disposal drivers were (and continue to be) subjected to the same or similar illegal pay practices for similar work.

20. Plaintiffs' primary job duties consisted of driving waste disposal trucks, hauling waste, recycling, and other refuse to various landfill or disposal sites throughout the United States.

21. Waste Management has a corporate policy and practice of automatically deducting 30 minutes a day for a meal-period break from the "on-the-clock" hours of its waste disposal drivers.

22. Waste Management made this deduction despite its actual knowledge that Plaintiffs did not take a meal-period break, and instead continued driving their respective routes for Waste Management's benefit during the alleged meal breaks.

23. Plaintiffs were not allowed to report that they actually worked through lunch in order to receive the compensation to which they were entitled, which would have been overtime compensation when Plaintiffs worked more than forty hours in that week—which they did the majority of their workweeks.

24. As a result of Waste Management's policy and practice of automatically deducting a 30-minute meal-period break, Plaintiffs were not compensated for all hours worked in excess of forty in a workweek at the rates required by the FLSA.

25. Moreover, Waste Management required Plaintiffs to begin their workday by checking into Waste Management's facility, and picking up and preparing their equipment to begin their work route following a mandatory morning meeting. Plaintiffs are (and were) permitted to have their equipment ready prior to the morning meetings.

26. Prior to the mandatory morning meetings, Plaintiffs were permitted to: (a) pick up their equipment from Waste Management that was necessary for the day, such as personal protective equipment; (b) review the day's work schedule on Waste Management's computer tablets; (c) change work orders; (d) retrieve and review paperwork and manifests; and (e) finalize the day's route.

27. Plaintiffs were permitted (and encouraged) by Waste Management to have completed these tasks before the mandatory morning meeting each day so that they could begin their route immediately after the morning meeting.

28. The activities that Plaintiffs were permitted to perform before the morning meetings were integral and indispensable to their principal activities. Waste Management employed Plaintiffs to operate the waste disposal trucks and collect residential and/or business waste or recyclable material. Plaintiffs reviewed the day's work orders to retrieve the necessary equipment to complete the day's activities and ensure that the proper paperwork was completed in order to perform their work.

29. At Waste Management, Plaintiffs were requires to clock in and clock out electronically using an electronic timekeeping system, and Plaintiffs were permitted to clock in up to fifteen (15) minutes prior to the morning meeting.

30. Notwithstanding that waste collectors were permitted to clock in up to 15 minutes before the morning meeting, and were permitted to perform work activities during the time period that were integral and indispensable to their principal activities of collecting waste, Plaintiffs were not spent compensated for their time spent working prior to the beginning of the mandatory morning meetings.

31. \Waste Management was aware of its obligation to pay overtime to Plaintiffs and failed to do so for all hours worked over forty (40) each workweek.

32. Moreover, Waste Management knew Plaintiffs were not paid for the indispensable services they performed on its behalf before the daily mandatory morning meetings and Waste Management failed to correct this illegal practice and/or offer back pay.

33. Instead, Waste Management knowingly, willfully, and with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation for all hours worked over forty each week with respect to Plaintiffs.

34. Accordingly, Waste Management's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA Collective is defined as:

All Waste Disposal Drivers Who Worked for Waste Management in Texas and drove sanitation trucks to landfills and other sites and back at any time from November 30, 2015 to the present, and were subject to automatic deductions of their meal break times. ("FLSA Collective" or "FLSA Collective Members")

37. At all times hereinafter mentioned, both enterprise and individual coverage under the FLSA, 29 U.S.C. § 207(a), exists over the claims of Plaintiffs and the FLSA Collective Members against Waste Management.

38. Waste Management qualifies as an "enterprise engaged in commerce or in the production of goods for commerce" under 29 U.S.C. § 203(s)(1) because Waste Management has employees handling, selling, or otherwise working on materials that have been moved in or produced for commerce. For example, as non-exempt waste disposal drivers for Waste Management, Plaintiffs and the FLSA Collective Members worked (and continue to work) with vehicles and their component parts, fuel them with gasoline, and use radios, paper, office supplies and other materials that have been moved in commerce. Moreover, Waste Management has had revenues exceeding $500,000 per year at all relevant times.

39. Specifically, Waste Management operates on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and

conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

40. Plaintiffs and the FLSA Collective Members qualify as employees engaged in commerce under the FLSA, 29 U.S.C. § 207(a). Plaintiff and the FLSA Collective Members engage in regular contact with commerce, and their work as waste disposal drivers is directly and vitally related to the functioning of instrumentalities and facilities of commerce—including without limitation commercial and industrial businesses—such that their work constitutes a part of commerce. Thus, during the respective periods of Plaintiff and the Putative Class Members' employment by Waste Management, these individuals provided services for Waste Management that involved interstate commerce.

41. In sum, by performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

42. The conditionally certified class of similarly situated employees seeking final certification as a collective action pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 38.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Waste Management violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40

hours without compensating such non-exempt employees for all the hours they worked in excess of 40 hours per week at rates at least one and one-half times the regular rates for which they were employed.

45. Moreover, Waste Management knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

46. Waste Management knew or should have known its pay practices were in violation of the FLSA.

47. Waste Management is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

48. The decision and practice by Waste Management to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

49. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of 40 hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rates of pay, plus liquidated damages, attorneys' fees and costs.

**C. COLLECTIVE ACTION ALLEGATIONS**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Waste Management's respective current and/or former employees who are (or were) similarly situated to Plaintiffs with regard to the work they have performed and the manner in which they have been deprived the proper amount of overtime compensation.

52. Other similarly situated employees of Waste Management have been victimized by Waste Management's patterns, practices, and policies—which are in willful violation of the FLSA.

53. The FLSA Collective Members are defined in Paragraph 38.

54. Waste Management's failure to pay its Waste Disposal Drivers—Plaintiffs and FLSA Collective Members—for all hours worked overtime at the proper rate results from generally applicable policies and practices of Waste Management, and does not depend on the personal circumstances of the Plaintiffs and FLSA Collective Members

55. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

56. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

57. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated under the FLSA for all hours worked in excess of forty (40) hours per workweek.

58. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

59. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Waste Management will retain the proceeds of its violations.

60. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

61. Accordingly, the FLSA collective of similarly situated plaintiffs should be finally certified as defined in Paragraph 38.

**VI.**

# RELIEF SOUGHT

62. Plaintiffs respectfully pray for judgment against Waste Management as follows:

    a. For an Order finally certifying the FLSA Collective as defined in Paragraph 38;

    b. For an Order pursuant to Section 16(b) of the FLSA finding Waste Management liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

    c. For an Order awarding Plaintiffs the costs of this action;

    d. For an Order awarding Plaintiffs attorneys' fees;

    e. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

    f. For an Order awarding Plaintiff Green a service award as permitted by law;

    g. For an Order compelling the accounting of the books and records of Waste Management; and

    h. For an Order granting such other and further relief as may be necessary and appropriate.

*Second Amended Collective Action Complaint*     Page 10 of 12
4836-7117-0737.1 080840.1024

Date: January 15, 2020

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander